IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 05-275 (JDB) |
| | : | |
| v. | : | MAGISTRATE NO. 05-172-M |
| | : | |
| **ELMER A. OSORTO-BENITEZ** | : | VIOLATION: |
| **also known as Elmer Antonio Benitez-Osorto,** | : | |
| **also known as Elmer Antonio Osorto** | : | 8 U.S.C. § 1326(a) and (b)(2) |
| **also known as Jose Orellane Gonzalez** | : | (Reentry of an Alien Deported |
| **also known as Jose Gonsalez,** | : | Following Conviction for an |
| **also known as Jose Orellone Gonsales,** | : | Aggravated Felony) |
| | : | |
| Defendant. | : | |

## FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this statement of facts which the United States would have presented if this matter had gone to trial. The facts presented below show, beyond a reasonable doubt, that on or about September 1, 2004, in the District of Columbia and elsewhere, the defendant, **ELMER A. OSORTO-BENITEZ**, committed the offense of Reentry of an Alien Following Conviction for an Aggravated Felony in violation of 8 U.S.C. § 1326 (a) and (b)(2).

1. The defendant is a native and citizen of El Salvador who entered and is present in the United States unlawfully, and who previously has been deported from the United States subsequent to a conviction for an aggravated felony without applying for the express consent of the Attorney General of the United States or the Secretary of Homeland Security.

2. On August 26, 1988, at or near Sarita, Texas, the defendant was arrested by Border Patrol Agents for entering the United States without being admitted or paroled by an Immigration Officer. He was fingerprinted, and placed into Deportation proceedings. On or about August 31,

1988, the defendant admitted deportability and requested asylum. In the asylum application that he completed, the defendant declared he was a native and citizen of El Salvador. On or about November 16, 1988, at Harlingen, Texas, the defendant's application for asylum was denied and he was ordered deported from the United States to El Salvador by an Immigration Judge.

    3.    On or about April 7, 1989, the defendant was convicted in the Superior Court of the District of Columbia for Attempted Possession With Intent to Distribute Cocaine in Case Number F-14292-88. The defendant was sentenced to time not to exceed 5 years. This conviction is an aggravated felony under 8 U.S.C. § 1101(43)(B).

    4.    On or about April 18, 1991, at Washington, DC, the defendant affixed a print of his right thumb onto a Warrant of Deportation, INS Form I-205. The defendant was officially warned that he could not re-enter the United States, at any time, without the express consent of the Attorney General of the United States. The defendant was deported to El Salvador by an INS Detention Enforcement Officer, who witnessed the defendant's departure on a commercial airline flight.

    5.    On or about February 23, 2005, the defendant was found in the District of Columbia, at Georgia Avenue and Underwood Street, NW, when he was arrested by the District of Columbia Metropolitan Police Department on charges of Distribution of Cocaine, as well as by an agent of the Immigration and Customs Enforcement for entering the United States without being admitted or paroled by an Immigration Officer. The defendant was transported to the MPD Major Narcotics Branch in Washington, DC where he was fingerprinted and photographed.

6.	On or about March 11, 2005, the fingerprints taken of the defendant at the MPD Major Narcotics Branch on February 23, 2005 were submitted to the ICE Forensic Document Laboratory, for comparison with the fingerprints taken on August 26, 1988 and the fingerprint taken on April 18, 1991. The FDL determined that the fingerprints submitted all matched each other. The FDL findings establish that the defendant made all of the fingerprint impressions appearing on the aforementioned documents.

7.	On or about March 4, 2005, the Department of Homeland Security, Citizenship and Immigration Services (formerly INS) issued a Certificate of Nonexistence, which certifies that the defendant had not obtained the express consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to re-enter the United State after his deportation in 1991.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY


By:	_____
	Catharine A. Hartzenbusch
	Assistant United States Attorney
	Bar No. 450-194
	555 Fourth Street, NW, Room 11-449
	Washington, DC 20530
	(202) 353-8822 (tel.)
	Catharine.Hartzenbusch@usdoj.gov